Brevard, J.
In this case I am of opinion the motion ought to be granted ; because it appears to me clear, that the evidence given to the jury was not sufficient to authorize them to find a verdict for the defendant.
I am also of opinion, that the declarations of Arthur Crocker, which were offered in evidence to shew that he had not conveyed the land in question to Wofford, ought not to have been rejected ; because they were not offered to contradict any deed which had been proved to exist, but to discredit other verbal declarations of the same person, signifying that he had made a deed.
The evidence adduced to the jury, and on which they presumed the existence and contents of a release from Arthur Crocker to Wofford,’was, in my opinion, quite insufficient. It amounted to no more than this ; some doubtful proof of a lease from the former to the latter, in the year 177C, purporting to be a 'lease for one year of the land in question, and intended to be followed up by a release 5 and six or seven years possession of the land by the tenant of Wof-ford, at the distance of fourteen years from the date of the lease; and certain declarations of Arthur Crocker, “ that he had sold the land to Wofford, and made him a right.”
But the presumption, if any, could arise from the evidence, suf* ficient to supply the want of evidence to prove a valid conveyance of-the land in. fee, by a sufficient legal instrument, duly executed-, was,-1 think, completely repelled by the testimony of M’Crea', and the circumstances of the case, as they- appeared from the shewing of the plaintiffs themselves,
M’Crea’s testimony was strong and pointed, to shew that the release, alluded to by the-verbal declarations of Arthur Crocker, was *42 never executed. There was uo other evidence to support the. prc* sumption of its having been executed,'but those verbal declarations* Those declarations, had they been more full and explicit, would not, of themselves, be sufficient to prove the existence of a deed* This point was decided in the case of Spence vs. Spence, in this court. (2 vol. p. 466.) But if that case had never been decided,, my opinion would be the same.
The possession of Wofford, under the circumstances of the case, appears to me very immaterial. When we consider that there was a treaty on foot,-between Crocker and Wofford, for the land ; that blank titles were left in the hands of M’Crea, to be executed ; that Wofford went off with the British ; and that prior to his going away the times were revolutionary and distracted — we have probable grounds for presuming that the titles were not executed. From the inspection of the lease, I strongly suspect its authenticity ; but taking it for genuine, its production without the release is a strong circumstance to prove that no release was executed ; as its non-production has not been accounted for. These title deeds, if they ever existed, it is reasonable to presume, would be kept together. This presumption has not been removed by the adduction of any fact or circumstance, which has come to my knowledge in the argument of the cause.
I am, therefore, for these reasons, of opinion, that a new trial ought to be granted.
Per curiam. Grpimke, Bbevard, Nott, and Coecock.
The motion was granted.